IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JAMES HAROLD ROSSI,

        Plaintiff,

   v.

HONORABLE RANDOLPH LEE GARRISON;
STEPHEN D. CAMPBELL, District Attorney;
ESTER A. SMITH, Deputy District Attorney;
MATTHEW COREY, Deputy District Attorney;
CHRISTOPHER R. MORGAN, Deputy District
Attorney; BILL LANDIS, Chief of Police; JOE
HENNER, Retired Chief of Police; DENNIS
BURGE, Police Officer; AARON CUBIC, City
Manager; NANCIE JO BOWERS, Owner of
Gold Miner Restaurant; PROGRESSIVE
INSURANCE CORP.; HARTFORD INSURANCE
CORP.; and JOHN DOE 13-30;

        Defendants.

Case No. 1:14-cv-01642-CL

REPORT & RECOMMENDATION

CLARKE, Magistrate Judge.

This case arises from a minor car collision between *pro se* Plaintiff James Harold Rossi ("Plaintiff") and Nancie Jo Bowers ("Bowers"). Plaintiff alleges that he was wrongly convicted for his role in the accident in violation of his Fifth, Sixth, and Fourteenth Amendment rights. In addition to Bowers, Plaintiff names a number of state actors, two insurance companies, and 17 unidentified persons as defendants (collectively, "Defendants").

Page 1 – REPORT & RECOMMENDATION

Currently before the court is Bowers' motion (#4) to dismiss Plaintiff's claims against her pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons set forth below, Bowers' motion to dismiss should be GRANTED.

## BACKGROUND

The Court assumes the following allegations are true for the limited purpose of ruling on Bowers' motion to dismiss:

On May 6, 2013, Plaintiff was in the drive-through lane of a Grants Pass bank. Bowers rounded the corner of the bank and rear-ended Plaintiff's truck. Plaintiff stopped, inspected the damage, and gave his information to Bowers. The only damage to Bowers' car was a small dimple on her license plate. Bowers did not exchange her information with Plaintiff.

Plaintiff left the scene and Bowers called the police. One of the dispatched police officers contacted the Oregon Department of Motor Vehicles ("DMV") and incorrectly informed them that Plaintiff was driving without insurance. The DMV suspended Plaintiff's driving privileges for one year. Plaintiff offered proof to the DMV that he had insurance at all times and the DMV rescinded the suspension.

Plaintiff was criminally charged for a hit and run. Bowers falsified evidence regarding the extent of damage to her car, withheld exculpatory evidence that would have shown Plaintiff remained at the scene, and perjured herself at Plaintiff's trial. As a result, Plaintiff was wrongly convicted.

## STANDARD

"When ruling on a motion to dismiss, we accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005) (citing *Cervantes v. U.S.*, 330 F.3d 1186, 1187 (9th

Cir. 2003)). In order to survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

Pleadings presented by individuals appearing *pro se* are held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). *Pro se* filings are construed liberally. *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010). Before the court dismisses a *pro se* complaint for failure to state a claim, the Court must provide the plaintiff with a statement of the complaint's deficiencies and give the plaintiff leave to amend the complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Rouse v. U.S. Dep't of State,* 548 F.3d 871, 881–82 (9th Cir. 2008).

## DISCUSSION

The Court construes Plaintiff's Complaint to raise claims against Defendants for civil rights violations pursuant to 42 U.S.C. § 1983 and the common law torts of abuse of process and malicious prosecution.

/ / /

/ / /

I. **Section 1983**

To state a claim under section 1983, Plaintiff must allege facts showing a person acting under color of state law deprived him of his constitutional rights. *Lopez v. Dept. of Health Services*, 939 F.2d 881, 883 (9th Cir. 1991) (per curiam). The Court begins with the presumption that conduct by private actors, like Bowers, is not taken under color of state law. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). However, this presumption may be overcome and a section 1983 action "can lie against a private party when 'he is a willful participant in joint action with the State or its agents.'" *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)). Here, the Court need not assess whether Plaintiff has alleged a sufficiently close nexus between the state, Bowers, and the challenged conduct because, in any event, Plaintiff's section 1983 claim must be dismissed.

Plaintiff's section 1983 claim is based on allegations that necessarily imply the invalidity of his state conviction. In regards to such claims, the U.S. Supreme Court has held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff's Complaint does not allege any facts tending to establish that his conviction has been invalidated or formally called into question. Accordingly, his claim under section 1983 is not cognizable. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("We conclude, therefore, that respondent's claim for declaratory relief and money

damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983.").

## II.     Malicious Prosecution

Plaintiff's claim of malicious prosecution also fails because of his standing conviction. In order to plead a malicious prosecution claim, a plaintiff must allege facts sufficient to create a fair inference that the termination or dismissal of the relevant proceeding indicates his innocence. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004) ("An individual seeking to bring a [section 1983] malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence."); *Mantia v. Hanson*, 190 Or.App. 412, 419–20 (2003) (to plead a state common law claim for malicious prosecution, a plaintiff must allege, among other things, that the proceeding terminated in the plaintiff's favor). Plaintiff has not pled any facts to suggest that his conviction has been invalidated or that the state's prosecution otherwise terminated in his favor. Accordingly, Bowers' motion to dismiss should be granted.

## III.    Abuse of Process

Under Oregon law, the tort of abuse of process "is the perversion of a process that is regular on its face to a purpose for which the process is not intended." *Columbia County v. Sande,* 175 Or.App. 400, 408 (2001). In other words, "[t]he tort involves the use of the process as a club by which to extort something unrelated to the process from the other party." *Clausen v. Carstens*, 83 Or. App. 112, 118 (1986). To plead a claim of abuse of process, a plaintiff must allege (1) an ulterior purpose, beyond malice, that is unrelated to the process and (2) a willful act in the use of the process that is not proper in the regular conduct of the proceeding. *Columbia County*, 175 Or.App. at 408; *see also Hartley v. State Water Resources Dept.,* 77 Or.App. 517,

522 (1986) (a defendant cannot be liable for abuse of process where he has "done nothing more than carry out the process to its authorized conclusion, even though with bad intentions."). Here, Plaintiff's Complaint alleges Defendants abused the judicial process by prosecuting him. However, Planitiff does not allege an ulterior purpose for the prosecution. Accordingly, his abuse of process claim should be dismissed.

## RECOMMENDATION

For the reasons stated above, Bowers' motion to dismiss (#4) should be GRANTED. The Court should permit Plaintiff to attempt to amend his complaint to allege facts, if such exist, that would demonstrate the relevant prosecution terminated in his favor and Defendants had an ulterior motive for his prosecution separate from the purpose that the process was intended to serve.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. FED. R. CIV. P. 72. If objections are filed, any response is due within fourteen (14) days after being served with a copy of the objections. *Id.* Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 15 day of January 2015.

MARK D. CLARKE
United States Magistrate Judge