IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JAMES HAROLD ROSSI,

Plaintiff,

v.

HONORABLE RANDOLPH LEE GARRISON;
STEPHEN D. CAMPBELL, District Attorney;
ESTER A. SMITH, Deputy District Attorney;
MATTHEW COREY, Deputy District Attorney;
CHRISTOPHER R. MORGAN, Deputy District
Attorney; BILL LANDIS, Chief of Police; JOE
HENNER, Retired Chief of Police; DENNIS
BURGE, Police Officer; AARON CUBIC, City
Manager; NANCIE JO BOWERS, Owner of
Gold Miner Restaurant; PROGRESSIVE
INSURANCE CORP.; HARTFORD INSURANCE
CORP.; and JOHN DOE 13-30; and KATHARINE
VON TER STEGGE;

Defendants.

Case No. 1:14-cv-01642-CL

REPORT & RECOMMENDATION

CLARKE, Magistrate Judge.

This abuse of process case arises from a minor car collision between *pro se* Plaintiff

James Harold Rossi and Nancie Jo Bowers. Plaintiff alleges that Bowers; along with her

attorney, a number of state actors, two insurance companies, and 17 unidentified people; conspired to unlawfully convict him for a hit-and-run.

On April 7, 2015, the Court dismissed this action with leave to amend. Plaintiff filed an Amended Complaint on June 24, 2015. Defendants Progressive Insurance Corp., Bowers, and Katharine Von Ter Stegge (#28, #36, #40) now move to dismiss Plaintiff's amended pleading pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons set forth below, their motions should be GRANTED.

## BACKGROUND

The Court assumes the following allegations are true for the limited purpose of ruling on the pending motions to dismiss:

On May 6, 2013, Bowers rear-ended Plaintiff's truck. Plaintiff stopped, inspected the vehicles, and gave his information to Bowers. Progressive Insurance Corp. insured Bowers. Because there was absolutely no damage to Bowers' car, Plaintiff left. Thereafter, Bowers contacted the police and falsely reported that Plaintiff fled the scene and was not insured. A responding police officer, Dennis Burge, contacted the Oregon Department of Motor Vehicles and incorrectly informed them that Plaintiff was driving without insurance. The DMV suspended Plaintiff's driving privileges for one year. Plaintiff offered proof to the DMV that he had insurance at all times and the DMV rescinded the suspension. Hartford Insurance Corp. also falsely informed the DMV that Plaintiff's insurance was cancelled in order to get back at him for changing insurers.

Plaintiff has been outspoken about corruption in the Josephine County Court, District Attorney's Office, and Grants Pass Police Department. In an effort to silence Plaintiff and cause him great harm, the District Attorney brought charges against him for a hit and run. They did not

have probable cause to do so. There was no verified complaint as required by Or. Rev. Stat. § 133.015. Bowers and Burge falsified evidence and committed perjury in their trial testimony against Plaintiff. Plaintiff previously sued Judge Garrison in federal court. Despite their contentious personal history, Judge Garrison did not recuse himself from Plaintiff's criminal case. Acting with the purpose of punishing Plaintiff, Judge Garrison deprived him of discovery and permitted the suppression of exculpatory evidence. As a result, Plaintiff was wrongly convicted.

## STANDARD

"When ruling on a motion to dismiss, we accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005) (citing *Cervantes v. U.S.,* 330 F.3d 1186, 1187 (9th Cir. 2003)). In order to survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

Pleadings presented by individuals appearing *pro se* are held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). *Pro se*

filings are construed liberally. *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010). Before the court dismisses a *pro se* complaint for failure to state a claim, the Court must provide the plaintiff with a statement of the complaint's deficiencies and give the plaintiff leave to amend the complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Rouse v. U.S. Dep't of State,* 548 F.3d 871, 881–82 (9th Cir. 2008).

## DISCUSSION

Plaintiff's Amended Complaint raises an abuse of process claim against Defendants. It asserts that Defendants falsified evidence, impeded his defense, and conspired to convict him of a crime he did not commit. As a remedy, Plaintiff asks this Court to declare his state conviction null and void or, alternatively, to stay his sentence until a new judge rules on Plaintiff's motion for a new trial. Am. Compl. at 18.

The Court does not have jurisdiction to grant Plaintiff's request. The *Rooker–Feldman* doctrine[1] bars federal district courts from exercising appellate jurisdiction over state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 292 (2005). It prevents district courts from hearing claims that are "inextricably intertwined" with a state court's prior decision. *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 n.16 (1983). The Ninth Circuit has found claims to be "inextricably intertwined" where a federal action requests relief that "would effectively reverse the state court decision or void its ruling." *Cooper v. Ramos,* 704 F.3d 772, 779 (9th Cir. 2012) (quoting *Fontana Empire Ctr., LLC v. City of Fontana,* 307 F.3d 987, 992 (9th Cir. 2002)). Plaintiff's prayer for relief falls squarely within this definition. Therefore, the Court is barred entertaining his suit. *Johnson v. DeGrandy,* 512 U.S. 997, 1005–06 (1994) ("[A] party losing in state court is barred from seeking what in

---

[1] The *Rooker-Feldman* doctrine deals with subject-matter jurisdiction and may be raised at any time by either party or *sua sponte* by the court. *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998).

substance would be appellate review of the state judgment in a United States District Court based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

The Ninth Circuit recognizes an extrinsic fraud exception to *Rooker-Feldman*'s jurisdictional bar. The doctrine does not apply "when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004). "Extrinsic fraud on a court is, by definition, not an error by that court." *Id.* It is a wrongful act that "prevents a party from having an opportunity to present his claim or defense in court." *Green v. Ancora–Citronelle Corp.*, 577 F.2d 1380, 1384 (9th Cir. 1978). Where alleged fraud goes "to the very heart of the issues contested in the state court action[,]" it can "hardly be considered extrinsic or collateral to the matters involved in the action." *Id.* In such cases, *Rooker–Feldman* governs. For example, in *Dixon v. State Bar of California*, 32 F.App'x 355, 356–57 (9th Cir .2002), the Ninth Circuit found that allegations of "discriminatory prosecution, the use of fabricated evidence, and the wrongful exclusion of supposedly exculpatory evidence" described intrinsic, not extrinsic, fraud.

Plaintiff's Amended Complaint is not saved by this exception. He does not allege abusive conduct that was extrinsic or collateral to the matters involved in his Oregon criminal case. Rather, Plaintiff alleges misconduct involving the state court. He challenges the very basis of the state judiciary's decision: asserting local judges worked with law enforcement and private persons to secure a false judgment against him. If true, this undoubtedly amounts to intrinsic fraud. Moreover, Plaintiff's Amended Complaint raises issues that he already presented in state court to no avail. This Court's adjudication of those claims would "undercut the state ruling[s]." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). Thus, Plaintiff's federal action is "inextricably intertwined" with the state court decision that he seeks to void and must be

dismissed for lack of subject matter jurisdiction. *Id.* Pursuant to the *Rooker–Feldman* doctrine, this Court does not have authority to hear Plaintiff's claims.

The Court further notes that Plaintiff has failed to state a plausible claim for relief against moving defendants Von Ter Stegge and Progressive Insurance. Defendant Von Ter Stegge represented Bowers in this civil action until Plaintiff added her as a defendant in his Amended Complaint. Plaintiff mentions Von Ter Stegge in just one allegation:

> Defendant Katharine von Ter Stegge is a licensed Attorney OSB No 032300. The Oregon Rules of Professional Conduct does not allow her to counsel a client to engage or assist a client in conduct that the lawyer knows is illegal or fraudulent. Oregon Rules of Professional Conduct Rule 1.2(c). Defendant Katharine von Ter Stegge is not allowed to assist her client Bowers in her criminal conduct.

Am. Compl. at 16-17. Plaintiff does not allege facts suggesting that Von Ter Stegge violated the referenced ethical rule. Nor does he allege that she had any involvement in the underlying state proceedings. Similarly, Plaintiff's only allegation against Progressive Insurance is that it has "admitted that [it] insured Defendant Bowers." Plaintiff does not allege any wrongdoing on the corporation's part or indicate that its automobile liability policy with Bowers extends to cover her alleged conduct. Even accepting Plaintiff's allegations against Von Ter Stegge and Progressive Insurance as true, they are not sufficient to support a facially plausible claim for relief. *Iqbal,* 556 U.S. at 678 (2009).

## RECOMMENDATION

For the reasons stated above, Defendants' motions to dismiss (#28, #36, #40) should be GRANTED. Plaintiff's Amended Complaint should be DISMISSED with prejudice.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. FED. R. CIV. P. 72. If objections are filed, any response is due within fourteen (14) days after being served

with a copy of the objections. *Id.* Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).


DATED this _____ day of March 2016.

_____
MARK D. CLARKE
United States Magistrate Judge